UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VINCENT LANE, *Pro Se*, | ) | Case No.: 1:18 CV 383 |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| BALINDA SPAIN, *et al.*, | ) | |
| | ) | MEMORANDUM OF OPINION |
| Defendants | ) | AND ORDER |

**Introduction**

*Pro Se* Plaintiff Vincent Lane, an Ohio prisoner currently incarcerated in the Ross Correctional Institution, has filed this *in forma pauperis* civil rights action against multiple defendants. (ECF No. 1.) As best as the Court can discern, the plaintiff seeks to sue: Corrections Officer Balinda Spain, Unit Manager Lottman, Deputy Warden Foley, Mr. Rodick-Umma, Mr. Grudzien, Rules Infraction Board Chairman Lt. Costello, Sergeant Linda Smith, Major Brown, Captain Saunders, and the Deputy Warden of Security.

The Plaintiff's Complaint, written on three separate complaint forms interspersed with additional handwritten pages, is largely unclear and difficult to parse. The crux of his Complaint, however, is clear and is that Defendant Spain, a corrections officer in the Grafton Reintegration Center where he was previously incarcerated, unlawfully retaliated against him for filing a complaint

against her. Liberally construing his Complaint, the Plaintiff contends he complained about Spain's abusive treatment of him to Warden Foley and others in January 2017. (*See id.* at 4, 9, 14.) He advised Warden Foley and others at that time that he "had wr[itten] Spain up, and felt that there would be an act of retaliation towards [him] for filing [his] complaint on her." (*Id.* at 9.) He alleges Defendant Spain did, in fact, retaliate. She allegedly wrote false conduct reports on him on February 24, 2017 and March 13, 2017, both falsely stating that he masturbated in front of her while she was performing security rounds. (*See id.* at 9-10; ECF No. 1-1.)

The Plaintiff apparently was subsequently found guilty of the misconduct reported by Spain by a Rules Infraction Board, and his security classification was raised.

The Plaintiff's allegations of wrongdoing as against the Defendants other than Spain are not clearly set forth in his Complaint. As best as the Court can discern, the Plaintiff contends the other Defendants are all liable for "conspiring with" Spain, or "conspiring to cover-up" Spain's retaliation. He contends Unit Manager Lottman "conspired with C/O Spain by furnishing [Plaintiff] with a transfer" after he spoke with Lottman complaining about Spain on February 24, 2017. (ECF No. 1. at 3.) He contends the remaining Defendants took "part in a conspiracy to cover up" Spain's retaliation (*see id.* at 9), but the only conduct he attributes to them is that they failed to assist him when he complained to them about Spain's conduct, failed to respond to or denied his grievances about Spain, or because they believed Spain's version of the facts in connection with the disciplinary charges and related RIB hearing.

The Plaintiff does not allege any specific constitutional provision or federal law he contends the Defendants violated, but he asks the Court "to correct the wrongs" that were done to him and award him monetary damages and other relief. (*Id.* at 6.)

**Standard of Review**

Because the plaintiff is proceeding *in forma pauperis*, the Court must review his complaint pursuant to 28 U.S.C. § 1915(e). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). That statute requires federal district courts to review all *in forma pauperis* complaints, and to dismiss before service any such complaint or portion of it that the Court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

Although *pro se* pleadings are generally liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), in order to survive a dismissal for failure to state a claim under § 1915(e)(2)(B), a *pro se* complaint must still contain "sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face." *See Hill*, 630 F.3d at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915(e)(2)(B)). The allegations in the complaint must be sufficient to raise a right to relief above a speculative level on the assumption they are true. *Twombly*, 550 U.S. at 555.

**Analysis**

Upon review, the Court finds that this action may proceed only as against Defendant Spain. Prisoners have a constitutionally-protected right under the First Amendment to engage in protected conduct without retaliation. *See Bell v. Johnson*, 308 F.3d 594, 600 (6th Cir. 2002) ("an adverse action undertaken in retaliation for a prisoner's exercise of his or her First Amendment rights [may]

3

violate the First Amendment.)" To establish a claim, a prisoner must show that: (1) he engaged in protected conduct, (2) the defendant took an adverse action that is capable of deterring a person of ordinary firmness from continuing to engage in that conduct, and (3) the adverse action was motivated at least in part by the prisoner's protected conduct. *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010), citing *Thaddeus–X v. Blatter*, 175 F.3d 378, 394, 398 (6th Cir. 1999).

The Court finds the Plaintiff's Complaint sufficiently alleges a First Amendment retaliation claim against Defendant Spain in light of the "indulgent treatment" that "[c]ourts are instructed to give . . . to the 'inartfully pleaded' allegations of *pro se* prison litigants." *Hill*, 630 F.3d at 471 (citing *Pasley v. Conerly*, 345 F. App'x. 981, 986 (6th Cir. 2009) and finding a prisoner's allegations of retaliation sufficient to withstand dismissal under § 1915(e)(2)(B)).

The Court, however, finds that the Plaintiff's Complaint fails to state any plausible claim against the remaining Defendants under § 1983 and must be dismissed as against them pursuant to § 1915(e)(2)(B). The Plaintiff's only discernible allegations of conduct by the remaining Defendants (*i.e.*, that they failed to assist him in some way in connection with his grievances or complaints about Spain, supported Spain's version of the facts, or took some other action against him that he considered to be adverse) are insufficient to support plausible inferences that any of them took the actions they did in retaliation for the Plaintiff's exercise of his First Amendment rights, or as part of a "conspiracy" to cover up wrongful conduct of Spain. Other than his own conclusory assertions of retaliation and conspiracy, the Plaintiff has not alleged facts from which reasonable inferences could be drawn that any of the remaining Defendants were motivated by unlawful retaliation in connection with their actions, or that they had an intent to engage in a conspiracy to cover up Spain's conduct. His Complaint, in short, does not set forth factual allegations even accepted as true that are

4

sufficient to his right to relief against any Defendant other than Spain above a speculative level. Moreover, supervisory officials and employees cannot be held liable under Section 1983 solely on the basis of *respondeat superior* or on the basis that they failed to remedy a subordinate's unconstitutional conduct or denied an administrative grievance. *See Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999).

## Conclusion

Accordingly, for the reasons stated above, the Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) against all of the Defendants other than Defendant Spain. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this dismissal could not be taken in good faith.

The Court finds the case may proceed only against Defendant Spain. The Clerk's Office is therefore directed to forward the appropriate documents to the U.S. Marshal for service of process on her, and **a copy of this Order shall be included with the documents to be served.**

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

June 22, 2018